IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERIC HUNTER-RILEY,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:20-00100-TFM-N<br>) |
| PROFESSIONAL COLLISION *and*<br>DONNIE ELMORE,<br>    Defendants. | )<br>)<br>)<br>) |

## **REPORT AND RECOMMENDATION**

This civil action is before the Court on the following matters:

1. the motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 14), with supporting memorandum and exhibits, filed August 25, 2020, by Defendant Donnie Elmore;

2. the motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(4) for insufficient process, and under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process (Doc. 15), with supporting memorandum, filed August 25, 2020, by Defendant Professional Collision; and

3. the motions to strike the Plaintiff's two late-filed briefs (hereinafter identified as "sur-replies") (Docs. 24, 25, 27, 28) filed November 3 and 17, 2020, by the Defendants.

The assigned District Judge has referred said motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (Doc. 3, General Referral Order); (8/25/2020 & 11/17/2020 electronic references).

In accordance with the Court's briefing schedule (Doc. 18, *as modified by* Doc. 20), the Plaintiff, Deric Hunter-Riley, who is proceeding without counsel (*pro se*), filed a response (Doc. 21) to the motions to dismiss, and the Defendants filed replies (Docs. 22, 23) to the response. After briefing closed, Hunter-Riley, without obtaining leave of court, filed two sur-replies (Docs. 26, 29) related to the motions to dismiss, which the Defendants have moved to strike (*see* Docs. 24, 25, 27, 28). Upon due consideration, the undersigned will recommend that the Defendants' motions to dismiss be **GRANTED** as to dismissal under Federal Rule 12(b)(4) and Rule Federal 12(b)(5), that Elmore's motion to dismiss be found **MOOT** as to dismissal under Federal Rule 12(b)(6), and that the Defendants' motions to strike also be found **MOOT**.

## I.   *Legal Standards*

"[O]nce a *pro se* … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). *See also Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." (footnote omitted)); S.D. Ala. GenLR 83.5(a) ("All persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order."). Under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), a

defendant may bring a motion to dismiss a complaint based on "insufficient process" and "insufficient service of process," respectively. "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper … to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.) (footnotes omitted).

> By definition, "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S. Ct. 242, 90 L. Ed. 185 (1946). A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution "as a matter of individual liberty" so that "the maintenance of the suit ... [does] not offend 'traditional notions of fair play and substantial justice.' " *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702–03, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

*Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003).

> In the absence of valid service of process, proceedings against a party are void. *E.g., Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968). When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity. *Familia de Boom v. Arosa Mercantil, S. A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 27, 1981).[1] "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam). In deciding a Rule 12(b)(4) or 12(b)(5) motion, a district court may consider matters outside of the pleadings and make findings of fact based on affidavits and other evidence relevant to the issue. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

In deciding a motion to dismiss under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a court is generally "limited to the four corners of the complaint[,]"*St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002), and "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Cos., Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015).

## II. *Analysis*

### a. Professional Collision's Motion to Dismiss

#### 1. Federal Rule 12(b)(4)

In general, for sufficient process, a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Federal Rule of Civil Procedure 4(b) states

---

[1] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

that, "[o]n or after filing the complaint, the plaintiff may present the summons to the clerk for signature and seal[, and i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Under Federal Rule of Civil Procedure 4(a), a "summons must[,]" among other things, "be directed to the defendant…" Fed. R. Civ. P. 4(a)(1)(B).

On July 1, 2020, the Clerk of Court signed, sealed, and issued two summonses to Hunter-Riley, after he completed both by hand. *See* (Doc. 8); Fed. R. Civ. P. 4(b). As Professional Collision correctly points out, both summonses are directed to Elmore only. (*See* Doc. 8, PageID.17, 19).[2] Hunter-Riley does not address this defect in his response brief or either of his sur-replies, and the undersigned agrees that the failure to direct either summons to Professional Collision renders process on Professional Collision insufficient. Accordingly, Professional Collision's motion to dismiss is due to be granted as to dismissal under Federal Rule 12(b)(4).

---

[2] The undersigned reaches this determination because, in the section headed "To: (Defendant's name and address)" on each of the form summonses, Hunter-Riley wrote in only "Donnie Elmore," though he included a different address for Elmore on each summons.

In the headings of the summonses, Hunter-Riley did write "Donnie Elmore" in the space marked "Defendant(s)" on one, and "Professional Collision" in the "Defendant(s)" space on the other. However, simply listing Professional Collision as a defendant in the heading of one of the summonses does not cure Hunter-Riley's failure to direct either summons at Professional Collision. In addition to requiring that a summons "be directed to the defendant[,]" Fed. R. Civ. P. 4(a)(1)(B), Rule 4(a)(1) also requires that a summons "name … the parties" to the case. Fed. R. Civ. P. 4(a)(1)(A). To allow satisfaction of Federal Rule 4(a)(1)(A) to also serve as satisfaction of Federal Rule 4(a)(1)(B) would render Rule 4(a)(1)(B) superfluous, and "a court should … avoid interpreting a provision in a way that would render other provisions of the statute superfluous." *Black Warrior Riverkeeper, Inc. v. Black Warrior Minerals, Inc.*, 734 F.3d 1297, 1303 (11th Cir. 2013).

## 2. Federal Rule 12(b)(5)

Federal Rule of Civil Procedure 4(h)(1) provides the method for serving process on corporations and unincorporated associations that are located within a judicial district of the United States, such as Professional Collision. It states that, subject to inapplicable exceptions, a corporation must be served: (A) "in the manner prescribed by Rule 4(e)(1) for serving an individual" – that is, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[,]" Fed. R. Civ. P. 4(e)(1) – or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant…" Fed. R. Civ. 4(h)(1). Alabama, the only applicable "state law" under Federal Rule 4(e)(1), also requires service of process to be made on a corporation "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). Thus, "[b]oth the Alabama Rules of Civil Procedure and the Federal Rules of Civil Procedure contemplate service upon a corporation through its 'officers' or 'agents.'" *Drill S., Inc. v. Int'l Fid. Ins. Co.*, 234 F.3d 1232, 1238 n.10 (11th Cir. 2000) (per curiam) (citing Fed. R. Civ. P. 4(h)(1); Ala. R. Civ. P. 4(c)(6)).[3]

---

[3] Moreover, under both Alabama and federal law, service of process is not effectual on a party's attorney solely by reason of his capacity as attorney. *See Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971); *Kingvision Pay-Per-View, Ltd. v. Ayers*,

Hunter-Riley's proof of service, filed July 14, 2020, indicates that he utilized U.S. mail to deliver the summonses and copies of the complaint; he includes a printout of a tracking history for two items mailed July 2, 2020, and delivered to their respective destinations on July 7, 2020. (*See* Doc. 10). An affidavit submitted by Elmore in support of his own motion to dismiss confirms that copies of the summons and complaint sent by certified mail were received by employees at two Professional Collision facilities in Mobile, Alabama, on July 7, 2020. (*See* Doc. 14-3, PageID.54, ¶¶ 6, 8). However, under Federal Rule 4(h)(1)(B), mailing the summons and complaint to the defendant is only an *additional* requirement if the defendant's "agent is one authorized by statute and the statute so requires[,]" which Professional Collision does not contend is the case here. In all cases under Rule 4(h)(1)(B), process must be made by "delivering," a term that, as used throughout Rule 4, courts have consistently interpreted to mean personal service. *See Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam) (unpublished) (As used in Rule 4(h)(1), "[t]he term 'delivering' appears to refer to personal service. Although we have not specifically addressed this issue in a published opinion, the Eighth Circuit has held that Rule 4(h)(2) requires personal service. *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)."); *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam) (in interpreting prior version of Rule 4 provision governing service on the United States and its officers, which required "delivering" the summons and complaint to the United States attorney for the district where the action was

---

886 So. 2d 45, 52 (Ala. 2003).

brought, and also sending copies "by registered or certified mail" to the U.S. Attorney General in Washington, D.C., holding that "the rule's textual distinction between mailing and delivering should be strictly respected and that mailing copies to the U.S. Attorney's office is insufficient"); *Johnson v. Champions*, No. CIV. A. 12-0334-WS-M, 2013 WL 275957, at *1 & n.1 (S.D. Ala. Jan. 24, 2013) (Steele, J.) (holding that certified mail did not constitute "delivering" under Rule 4(e), and noting that "[o]ther Circuits have routinely concluded that mailing or certified mailing does not constitute 'delivery' for purposes of service of process" (citing cases)). Thus, Hunter-Riley has not perfected service under Federal Rule 4(h)(1)(B).

That leaves service under Federal Rule 4(h)(1)(A). As Professional Collision correctly notes, Alabama law permits service by certified U.S. mail. *See generally* Ala. R. Civ. P. 4(i)(2). Alabama Rule of Civil Procedure 4(i)(2) requires that a party initiating service place a "copy of the process and complaint or other document to be served in an envelope and address the envelope to the person to be served with instructions to forward." Ala. R. Civ. P. 4(i)(2)(B)(ii). It further provides that, "[i]n the case of an entity within the scope of one of the subdivisions of [Alabama] Rule 4(c), the addressee shall be a person described in the appropriate subdivision." *Id.* For an artificial entity such as Professional Collision, which is within the scope of Alabama Rule 4(c)(6), the addressee would be "a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6).

The party must then "affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered." Ala. R. Civ. P. 4(i)(2)(B)(ii). "The return receipt shall be addressed to the clerk of the court issuing the process and shall identify the case number of the case in which the pleading has been filed. Upon mailing, the … party shall immediately file with the court an 'Affidavit of Certified Mailing of Process and Complaint.' That affidavit shall verify that a filed copy of the process and complaint or other document to be served has been mailed by certified mail in accordance with" Alabama Rule 4(i)(2)(B)(ii). *Id.* "Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." Ala. R. Civ. P. 4(i)(2)(C).

Professional Collision is correct that Hunter-Riley has failed to show that he properly served it by certified mail under Alabama Rule 4(1)(2). Hunter-Riley did not "immediately file with the court an 'Affidavit of Certified Mailing of Process and Complaint' " when he mailed process on July 2, 2020, and no certified mail return receipts for this case, addressed to the Clerk of Court or otherwise, are in the record. Moreover, Hunter-Riley has failed to show he addressed either envelope containing process to "a managing or general agent [of], or any agent authorized by appointment or by law to receive service of process" for, Professional Collision. Ala. R. Civ. P.

4(c)(6).[4] The mail tracking information attached to his proof of service does not state to whom either package was addressed, and simply states that each was delivered to the "front desk, reception area, or mail room" of each destination.

Neither Hunter-Riley's response brief nor his first sur-reply substantively addresses the foregoing issues. In his second sur-reply, dated and filed November 13, 2020, Hunter-Riley claims that he "properly sent off my summons through certified mailing[, but d]ue to COVID-19 the post office did not acknowledge me of the change of the rules." (Doc. 29, PageID.95). He claims that he "was informed that Donnie Elmore was gone able [sic] to sign the for the [sic] summons himself." (*Id.*). He "ha[s] the attachment from USPS now for the change, and understanding on why he did not have to sign for the papers. The carrier could not come close to anyone, which means the carrier only could sign to verify that it was delivered." (*Id.*). These representations, however, are unavailing.

First, Hunter-Riley's statements in his second sur-reply are not sworn, and "a sentence in an unsworn brief is not evidence." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).[5] Second, the Postal Service guidelines he references, a copy of which he has attached to the second sur-reply (Doc. 29, PageID.96-97), indicate they were issued August 4, 2020 – a month *before* Hunter-Riley's process was mailed and delivered. Third, while the guidelines do state that U.S. Postal

---

[4] Elmore has presented an affidavit attesting that he "is not the registered agent for service of process for Professional Collision" (Doc. 14-3, PageID.54), and Hunter-Riley has made no attempt to rebut that evidence.

[5] Indeed, the second sur-reply has not even been personally signed by Hunter-Riley as required by Federal Rule of Civil Procedure 11(a) and S.D. Ala. GenLR 5(a)(4).

Service carriers would fill out certified mail return receipts for the addressees in their presence, rather than have the addressees sign the receipts themselves, there is no indication in the guidelines that the Postal Service would not still deliver the return receipts. As noted, the Court has never received certified mail return receipts for this action.[6]

In sum, Hunter-Riley has failed to sufficiently prove that he has served Professional Collision with process under Federal Rule 4(h)(1). Accordingly, Professional Collision's motion to dismiss is also due to be granted as to dismissal under Federal Rule 12(b)(5) for insufficient service of process.

### b. Elmore's Motion to Dismiss

Federal Rule of Civil Procedure 4(e) provides the method for serving process on individuals located within a judicial district of the United States, such as Elmore. It states that, subject to inapplicable exceptions, the individual must be served by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[,]" Fed. R. Civ. P. 4(e)(1) – or (2) "doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. 4(e)(2). Alabama law governing service of an individual is substantively identical to Federal Rule

---

[6] Elmore's affidavit avers that there was no signature card attached to either of Hunter-Riley's certified mailings. (*See* Doc. 14-3, PageID.54, ¶¶ 6, 8).

4(e)(2), *see* Ala. R. Civ. P. 4(c)(1) ("Service of process, except service by publication as provided in Rule 4.3, shall be made as follows: … Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process…), except, again, that such service may be effected by certified mail, *see generally* Ala. R. Civ. P. 4(i)(2).

As noted previously, the only proof of service Hunter-Riley has offered is a printout of Postal Service tracking information for two mailings, and there is no proof in the record that any service by certified mail has been perfected. On the other hand, Elmore has submitted a sworn affidavit stating that he "has never been personally served with a copy of any summons or lawsuit in this matter…" (Doc. 14-3, PageID.54). Moreover, Elmore avers that the two Mobile, Alabama addresses to which Hunter-Riley mailed the summonses are the locations of two Professional Collision facilities, that neither of those locations is his dwelling or usual place of abode, and that he instead resides in Orange Beach, Alabama. (*See id.*, PageID.53-54). Finally, Elmore avers that he "has never appointed an agent to receive service of process for him…" (*Id.*, PageID.54). Hunter-Riley offers no evidence or argument to rebut Elmore's affidavit. As such, he has failed to sufficiently prove that he has served Elmore with process under Federal Rule 4(e).

Accordingly, Elmore's motion to dismiss is due to be granted as to dismissal under Rule 12(b)(5) for insufficient service of process. And because insufficient service of process deprives this Court of jurisdiction over Elmore to adjudicate the merits of the claims against him, Elmore's motion to dismiss is moot as to dismissal under Federal Rule 12(b)(6).

### c. Rule 4(m)

"Motions under Federal Rule[] ... 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained ... Usually a movant requests dismissal and quashing in the alternative or asks for both forms of relief ... The federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed.) (footnotes omitted). *Accord Villafana v. Auto-Owners Ins.*, Civil Action No. 06-0684-WS-B, 2006 WL 3834276, at *2 & n.8 (S.D. Ala. Dec. 29, 2006) (Steele, J.). Moreover, "[t]he court may permit a summons to be amended." Fed. R. Civ. P. 4(a)(2). However, Hunter-Riley has not requested any such relief in response to the Defendants' motions to dismiss.

Moreover, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)..." Fed. R. Civ. P. 4(c)(1). Under Federal Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the

action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Hunter-Riley filed his complaint on February 20, 2020, meaning his original Rule 4(m) deadline to serve the Defendants was May 20, 2020. However, the Court did not rule on Hunter-Riley's *in forma pauperis* motion (Doc. 2) until April 14, 2020, when it denied the motion and ordered him to pay the filing fee by May 11, 2020. (*See* Doc. 4). Hunter-Riley timely did so on May 8, 2020 (*see* Doc. 5), leaving him 12 days on his original 90-day service deadline. Noting "the delay in addressing the issue of whether Hunter-Riley would be allowed to proceed without prepayment of fees for this action," on May 14, 2020, the undersigned entered an order *sua sponte* extending the Rule 4(m) deadline to June 29, 2020 – an additional 40 days. (*See* Doc. 7). That order also explained that Hunter-Riley needed to submit a proposed summons to the Clerk of Court, quoted the language of Federal Rule 4(a)(1), and noted that he had already been sent form summonses with instructions for completing and returning them on May 12, 2020. (*See id.*).

Hunter-Riley, however, did not diligently utilize this extension. Indeed, Hunter-Riley did not even submit his proposed summonses to the Clerk of Court until July 1, 2020, two days after the extended deadline. (*See* Doc. 8). Hunter-Riley also never filed a motion showing good cause for a further extension under Rule 4(m). Nevertheless, on July 8, 2020, "[i]n light of the ongoing COVID-19 pandemic and Hunter-Riley's *pro se* status," the undersigned again *sua sponte* extended the Federal

Rule 4(m) deadline, this time to July 29, 2020, and advised Hunter-Riley "that his failure to serve the Defendants in accordance with Federal Rule of Civil Procedure 4 by [that] deadline will result in entry of a recommendation that his case be dismissed without prejudice under Rule 4(m), unless prior to the expiration of that deadline he files a motion showing good cause for granting an additional extension." (Doc. 9). Other than the above-discussed defective process, there is no indication in the record that Hunter-Riley has attempted to serve either Defendant with process by any additional means prior to the expiration of the July 29, 2020 second extended deadline for service.

Hunter-Riley has already received two Federal Rule 4(m) extensions from the Court; he made no use of the first extension, instead only applying for summonses after expiration of the first extended deadline. He has not requested additional time for service under Federal Rule 4(m) in response to the present motions to dismiss, and it is generally the plaintiff's burden to show good cause for such relief. *See* Fed. R. Civ. P. 4(m) ("*if the plaintiff shows good cause for the failure*, the court must extend the time for service for an appropriate period" (emphasis added)). Accordingly, the Court should decline to provide any further extensions for service under Federal Rule 4(m).

### d. Motions to Strike

As the Court's briefing schedule on the motions to dismiss stated, the Defendants had until October 13, 2020, to file their briefs in reply to any response from Hunter-Riley, and then the motions to dismiss would be taken under

submission on October 14, 2020. (Doc. 20, PageID.71). The parties were expressly advised that, "[o]nce the motions are under submission, no further submissions related to the issues raised may be filed unless (1) the submission is in accordance with S.D. Ala. CivLR 7(f)(3), or (2) the proponent obtains leave of court for good cause shown." (*Id.* (footnote omitted)). Despite this admonishment, Hunter-Riley filed two sur-replies after the taken-under-submission deadline (Docs. 26, 29). Hunter-Riley neither requested nor received leave of court to file either them, and of the two, only the second one arguably cites "pertinent and significant authority" – specifically, the Postal Service COVID regulations discussed above – such that it could be considered a submission under CivLR 7(f)(3). The Defendants have filed motions to strike Hunter-Riley's two sur-replies as improperly filed beyond the taken-under-submission deadline, among other reasons. (*See* Docs. 24, 25, 27, 28).

The undersigned also notes that Hunter-Riley has failed to personally sign his response or either of his sur-replies (*see* Docs. 21, 26, 29). As Hunter-Riley has already been informed, in response to his failure to sign a prior motion, he is required to personally sign every court filing under both Federal Rule of Civil Procedure 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.") and S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document..."), and typewritten signatures do not satisfy this requirement. (*See* Doc. 20, PageID.70). Hunter-Riley was further advised that "any future filings that he submits that are not

personally signed, or filed through a duly authorized electronic-filing account,[7] are subject to being summarily ordered stricken for failure to comply with Federal Rule 11 and S.D. Ala. GenLR 5(a)(4)." (*Id.*, PageID.71).

Nevertheless, the undersigned finds it unnecessary to strike Hunter-Riley's briefs for any of the foregoing reasons, as consideration of them does not change the outcome recommended herein. Neither Hunter-Riley's response nor his first sur-reply are responsive to any of the issues raised in the Defendants' motions to dismiss, and as noted above, the second sur-reply fails to provide sufficient grounds to show either Defendant has been properly served. Accordingly, the Defendants' motions to strike (*see* Docs. 24, 25, 27, 28) are due to be found **MOOT**.

That said, Hunter-Riley has now twice been informed that he is required to personally sign – that is, *by hand* – all filings with this Court. In the event the Court declines to dismiss this action in its entirety pursuant to this Report and Recommendation, Hunter-Riley is advised that, should he continue to file documents with the Court without signing them – in contravention of the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders – his filings are subject to being summarily ordered stricken, and he could be subject to other sanctions, up to and including dismissal of his case. *See, e.g.*, Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Brutus v. IRS*, 393 F. App'x 682, 683

---

[7] None of Hunter-Riley's filings in this action to date have been made through an electronic-filing account, nor is there any indication he has sought permission to be assigned one.

(11th Cir. 2010) (per curiam) (unpublished) ("the district court may *sua sponte* dismiss a case under Rule 41(b)" (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

### III. *Conclusion & Recommendations*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** as follows:

1. that Professional Collision's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(4) for insufficient process, and under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process (Doc. 15), be **GRANTED** as to both grounds;

2. that Elmore's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 14), be **GRANTED** as to dismissal under Federal Rule 12(b)(5) and found **MOOT** as to dismissal under Federal Rule 12(b)(6);

3. that the Defendants' motions to strike (Docs. 24, 25, 27, 28) be found **MOOT**;

4. that Hunter-Riley's complaint be **DISMISSED without prejudice**;[8] and

---

[8] Both motions to dismiss request dismissal with prejudice. However, dismissal is being granted due to insufficient process and service of process. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Therefore, dismissal should be without prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for *lack of*

5. that final judgment issue accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 5th day of February 2021.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

*jurisdiction*, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." (emphasis added)); *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182–83 (11th Cir. 2007) (per curiam) (unpublished) ("Because Jackson failed to serve defendants properly, we find that this case should have been dismissed without prejudice. *See* Rule 4(m). It was, therefore, improper for the district court to have reached the merits in this case and to have issued a dismissal with prejudice." (citing *Pardazi*, 896 F.2d at 1317)).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.